IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES ALLEN BRAY JR. | § | |
| v. | § | CIVIL ACTION NO. 9:05cv214 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner James Bray, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bray was convicted of murder on August 15, 2003, receiving a sentence of 20 years in prison. He did not deny shooting the victim, Byron Myers, but asserted that the shooting was done in self-defense.

In his federal habeas petition, Bray raised three grounds for relief. These were: (1) the prosecution intentionally withheld exculpatory evidence, in the form of the criminal history of the deceased and his "violent and aggressive behavior"; (2) counsel rendered ineffective assistance by failing to interview and call witnesses who would have advanced the defensive theory of self-defense; and (3) Bray was actually innocent because he was acting in self-defense. The Magistrate Judge ordered the Respondent to answer the petition and received copies of the state court records.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge determined that Bray had failed to offer any evidence to support his contention that exculpatory evidence existed, that the failure to

call the witnesses was reasonable trial strategy and that there was no evidence that at least one of the witnesses would even have testified, and that actual innocence does not set out an independent basis for habeas corpus relief. The Magistrate Judge also said that, in the event that Bray's final claim was construed as one of sufficiency of the evidence, such a claim lacked merit as well.

Bray filed objections to the Magistrate Judge's Report on November 7, 2006. He argues first that the failure to call the witnesses whom he names was not reasonable because their testimony comported with the physical evidence, and that counsel was also derelict for failing to call two additional witnesses, Earline Walker and Lattice McDonald.

Bray's objections fail to show that counsel's failure to call the witnesses Russaw, Willie Walker, and Kiel was unreasonable. To the extent that he says that counsel should have called Earline Walker and Lattice McDonald, he has failed to show that the witnesses' testimony would have been favorable and that these witnesses would have testified at trial. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

Second, Bray says that he did not make a "sufficiency of the evidence" claim, but that his claim is one of actual innocence. He says that several circuits have recognized the possibility of an "actual innocence" claim, while others have agreed with the Fifth Circuit (that no such claim is viable). Bray notes that the Texas Court of Criminal Appeals has recognized the possibility of an actual innocence claim, but offers nothing to controvert the Magistrate Judge's conclusion that under Fifth Circuit precedent, actual innocence is not an independent ground for habeas corpus relief. Instead, he appears to merge this claim into his ineffective assistance of counsel claim, by saying that "in the instant claim, Petitioner's contention is that if it were not for defense counsel's deficient, prejudicial conduct, providing ineffective assistance, the verdict in these proceeding would have been different." Bray's objections on this ground are without merit.

Finally, Bray says that the State openly admitted in trial that he and another person were assaulted at a club called the Congo, and that Myers had fired shots during this incident. He says that the evidence at trial shows that Myers was a person who not only had a pistol, but would use it;

however, despite acknowledging that these facts were offered at trial, Bray then says that the State "withheld this evidence." He incorrectly accuses the Magistrate Judge of saying that "there is nothing in the trial records" to speak of Myers' propensity for violence, and says that one of the witnesses, Kiel, could have testified that several hours before his death, Myers was "walking around with a pistol staring at people."

Bray says that "it is clear" that the "group" with which Myers was affiliated, known as "ADP," was "identified as a gang or posse" and known to the Lufkin police department, although he offers nothing to support this conclusion.

Bray's objections on this ground are without merit. As he says and the Magistrate Judge's Report makes clear, there was ample evidence offered at trial which, if believed, would show that Myers had a propensity for violence. The trial court instructed the jurors that they could consider Myers' words, acts, and conduct at the time of and prior to the alleged killing. Bray's claim was that the State withheld exculpatory evidence concerning Myers, and he has failed to show that such evidence even existed in the State's possession, much less that it was withheld from the defense. As the Magistrate Judge observed, the state habeas court specifically found that the State neither withheld nor suppressed any exculpatory evidence, nor did Bray establish the existence of such evidence. Consequently, the Magistrate Judge said, Bray had to show that this adjudication was based on an unreasonable determination of the facts or the law in order to prevail, and he failed to do so. Bray offers nothing in his objections to cast doubt upon the accuracy of the Magistrate Judge's conclusion. His claims are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, exhibits, and memorandum of law, the answer filed by the Respondent, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **17** day of **November, 2006.**

_____
Thad Heartfield
United States District Judge